## WM. CLAYTON *v.* GEO. HAMILTON.

Pleading—Action for Tort—Misjoinder.

A petition was filed, setting out both an action on the case for consequential damages, and against the bond, for a wrongful levy, after attachment issued. An amended petition was filed, asking judgment on the bond alone. **Held,** That as the original petition sued for the tort as well as for the breach of contract, the filing of the amended petition some time afterwards, was not the commencement of the action for tort, and limitations did not apply.

APPEAL FROM BATH CIRCUIT COURT.

August 18, 1870.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The sale of the pig iron under an execution issued, after the appellant's attachment was levied on it was illegal; and consequently, the attachment having been afterwards sustained, the appellee, as mover of the execution and purchaser under it became liable to the appellant for the wrongful conversion of the iron to his own use. And the court sustaining the attachment might have enforced it. But that liability might be also enforced by either an action on the appellant's bond to the sheriff or by a special action on the case for consequential damages. The appellant's original petition may be construed as combining both forms of action and, according to section 113 Code of Practice, the answer waived the misjoinder of contract and tort. An amended petition claims judgment on the bond alone; and on a rule requiring the appellant to elect whether he would proceed either for tort or a breach of contract, he elected to prosecute the action for the tort alone. And thereupon the circuit court, adjudging that the action for the tort was barred by limitation, dismissed it.

As the original petition sued for the tort as well as for a breach of contract, the filing of the amended petition long afterwards was not as erroneously adjudged, the commencement of the action for the tort, and the original petition having been filed within the statutory time, the action, as prosecuted was not bound.

Nor is it material whether the appellant's title or possession would have sustained the technical action of trover and conversion.

The facts alleged are sufficient to maintain a special action for a tortious act.

Wherefore the judgment is reversed and the cause remanded for a new trial, with leave to the appellant to amend and thereby re-elect to proceed on the bond or for the tort alone.

*Stone, Lacy,* for appellant.
*Apperson & Nesbitt, Young,* for appellee.